IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE MORGAN, | ) | CASE NO. 1:17-CV-2353 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| CONSUN FOOD INDUSTRIES, INC., | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon a Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant, Consun Food Industries, Inc. (Hereafter "Consun"). (ECF #9). Plaintiff, Joyce Morgan, (hereafter "Ms. Morgan"), filed a Response (ECF #12) and Consun filed a Reply in Support of its Motion to Dismiss (ECF #16). This matter is fully briefed and ripe for review.

For the reasons set forth herein, Consun's Motion to Dismiss (ECF #9) is GRANTED.

I.      Factual and Procedural Background

Ms. Morgan first filed this lawsuit against Consun in the Lorain County Court of Common Pleas on December 26, 2014, pursuant to a "right-to-sue" letter she obtained from the Equal Employment Opportunity Commission ("EEOC"). (See ECF #9-2). Ms. Morgan dismissed this lawsuit on November 22, 2016, without prejudice. On November 8, 2017, Ms. Morgan filed the Complaint at issue herein, alleging six causes of action: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*; (2) gender

discrimination is violation of Ohio Revised Code § 4112.02; (3) hostile work environment in violation of R.C. § 4112.02; (4) constructive discharge; (5) negligent hiring; and (6) negligent retention/supervision. (ECF #1).

Consun filed a Motion to Dismiss, arguing that the federal discrimination claim is time-barred. Consun further argues that once the federal claim is dismissed, this Court should decline jurisdiction over and dismiss the remaining state law claims. (See ECF #9). Ms. Morgan appears to cede that the federal claim was not timely filed, as she sets forth no factual or legal arguments to counter Consun's claim. Rather, Ms. Morgan focuses on her state claims, and asks that if this Court does not retain jurisdiction over the state law claims, this Court should dismiss those claims without prejudice. (See ECF #12, p. 4).

II.     Legal Analysis

Ms. Morgan filed this federal discrimination claim against Consun three years after she was issued the right-to-sue letter from the EEOC. Failure to bring suit within 90 days of receipt of receiving the EEOC right-to-sue letter is grounds for dismissal. *See, e.g., Graham-Humphreys v. Memphis Brooks Museum of Art., Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). Therefore, this Court finds that Ms. Morgan's Title VII claim against Consun was not timely filed, and must be dismissed.

Having dismissed the only federal claim, 28 U.S.C. § 1367(c) provides that this Court has discretion to decline exercising supplemental jurisdiction over the pendent state law claims. *See Cranel Inc. v. Pro Image Consultants Group*, LLC, 57 Supp.3d 838, 852 (S.D. Ohio Sept. 29, 2014)(*citing Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007). The Sixth Circuit and this district have commonly held that a federal court should typically decline to exercise

pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims. *See, e.g., Ghaster v. Rocky River*, 2010 WL 2802685 (N.D.Ohio May 12, 2010)(*citing Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008). Therefore, this Court declines to exercise jurisdiction over the state law claims, and dismisses Ms. Morgan's state law claims without prejudice.

III. Conclusion

For the reasons set forth herein, Consun's Motion to Dismiss (ECF #9) is GRANTED. The federal discrimination claim is dismissed as time-barred, and the state law claims are DISMISSED without prejudice.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: March 6, 2018